**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1921

AMOS N. JONES,

Petitioner - Appellant,

v.

CAMPBELL UNIVERSITY; JOHN BRADLEY CREED; ROBERT CLYDE COGSWELL, JR.; TIMOTHY ZINNECKER; CATHOLIC UNIVERSITY OF AMERICA,

Respondents - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:20-cv-00029-BO)

Submitted:  November 29, 2022                    Decided:  January 4, 2023

Before THACKER and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Tillman J. Breckenridge, BRECKENRIDGE PLLC, Washington, D.C., for Appellant.  Kevin S. Joyner, Robert A. Sar, Jefferson P. Whisenant, OGLETREE DEAKINS NASH SMOAK & STEWART, PC, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amos N. Jones appeals the district court's orders awarding him only $500 in sanctions for the Defendants' violation of the district court's local rules, awarding the Defendants sanctions based on Jones' failure to attend his deposition, and denying his motion for sanctions as moot after he requested that the district court dismiss his case. Finding no reversible error, we affirm.

We review for abuse of discretion a district court's imposition of sanctions under Fed. R. Civ. P. 37, *see Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003), and for a violation of the district court's local rules, *see Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009). "A court abuses its discretion when its conclusion is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 156 (4th Cir. 2017) (internal quotation marks omitted). When determining what sanctions to impose under Rule 37,[*] a court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ., & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

We discern no abuse of discretion in the district court's decisions. As for the Defendants' failure to comply with the local ADR rules, the Defendants did not act in bad

---

[*] The district court's local alternative dispute resolution (ADR) rules incorporate the sanctions listed in Rule 37. *See* E.D.N.C. ADR R. 101.1d(h).

faith— the mediation occurred during the peak of the pandemic, the insurance carrier had a no-travel policy because of the pandemic, and the university officials had official tasks to which they were attending on the day of the mediation. Moreover, the defense parties present had full authority to settle the case on behalf of all the Defendants. Thus, Jones was not prejudiced by the absence of the parties who failed to appear.

This is in contrast to Jones' conduct in failing to attend his deposition. There is a significant need to deter parties from unilaterally deciding not to attend a properly scheduled deposition. Although Jones compares his conduct to how the Defendants handled the mediation, this is not an apt comparison. The Defendants could accomplish nothing at the deposition but to identify exhibits for the record, whereas Jones was able to engage in settlement discussions during the mediation. And Jones took no steps to notify either the Defendants or the district court of his decision not to attend his deposition.

Finally, Jones concedes that a motion for sanctions seeking substantive relief becomes moot when a case is dismissed. The only sanction Jones sought in his motion for sanctions was a default judgment against the Defendants. Thus, his motion sought substantive relief and the district court appropriately denied it as moot when it granted his request to dismiss his case.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3